**KRONENBERGER ROSENFELD, LLP**
Virginia A. Sanderson (Bar No. 240241)
150 Post Street, Suite 520
San Francisco, CA 94108
Telephone: (415) 955-1155
Facsimile: (415) 955-1158
ginny@KRInternetLaw.com

Attorneys for Plaintiff

# UNITED STATES DISTRICT COURT
# NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| **CROSSFIT, INC.**, *et al.*<br><br>                    Plaintiff,<br><br>          v.<br><br>**JENNI ALVIES**, an individual; and **ROES 1-10**,<br><br>                    Defendants. | Case No. 4:13-cv-03771-KAW<br><br>**DEFENDANT JENNI ALVIES' ANSWER TO COMPLAINT AND COUNTERCLAIM** |

150 Post Street, Suite 520, San Francisco, CA 94108

KRONENBERGER | ROSENFELD

Defendant Jenni Alvies, in answer to the Complaint of Plaintiff CrossFit, Inc., here admits, denies, and avers as follows:

## NATURE OF THE ACTION

1.    The allegations in Paragraph 1 are prefatory, contain legal verbiage, and call for a conclusion of law to which no response is required.  To the extent that a response is required, Defendant denies the allegations in Paragraph 1.

## JURISDICTION AND VENUE

2.    The allegations in Paragraph 2 are prefatory, contain legal verbiage, and call for a conclusion of law to which no response is required.  To the extent that a response is required, Defendant denies the allegations in Paragraph 2.

3.    Defendant admits the allegations in Paragraph 3.

4.    Defendant admits the allegations in Paragraph 4.

## THE PARTIES

5.    Defendant lacks knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 5, and on that basis, Defendant denies the allegations in Paragraph 5.

6.    Defendant admits the allegations in Paragraph 6.

7.    Defendant denies the allegations in Paragraph 7.

8.    Defendant denies the allegations in Paragraph 8.

## CROSSFIT'S INTELLECTUAL PROPERTY RIGHTS

9.    Defendant denies the allegations in Paragraph 9.

10.    Defendant lacks knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 10, and on that basis, Defendant denies the allegations in Paragraph 10.

11.    Defendant lacks knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 11, and on that basis, Defendant denies the allegations in Paragraph 11.

12.    Defendant denies the allegations in Paragraph 12.

**DEFENDANT J. ALVIES' ANSWER AND COUNTERCLAIM**

## DEFENDANTS' WILLFUL INFRINGEMENT

13.     Defendant admits the allegations in Paragraph 13.

14.     Defendant admits the pictured tank tops were advertised for sale on her blog at certain times.  Except as expressly admitted, Defendant denies the allegations in Paragraph 14.

15.     Defendant denies the allegations in Paragraph 15.

16.     Defendant admits the allegations in Paragraph 16.

17.     Defendant admits that, beginning in May 2013, CrossFit's representatives continually contacted and harassed her and made demands that, among other things, she cancel her blog and stop selling products.  Except as expressly admitted, Defendant denies the allegations in Paragraph 17.

18.     Defendant denies that she has ever used the "CrossFit Marks."  Except as expressly denied, Defendant admits in Paragraph 18.

19.     Defendant denies the allegations in Paragraph 19.

20.     Defendant denies the allegations in Paragraph 20.

21.     Defendant denies the allegations in Paragraph 21.

22.     Defendant admits that she has been the registered owner of the domains <crossfitmamas.com> and <cfmamas.com>.  Except as expressly admitted, Defendant denies the allegations in Paragraph 22.

23.     Defendant denies the allegations in Paragraph 23.

24.     Defendant admits that she registered the Facebook page located at https://wwww.facebook.com/cfmamas.com.  Except as expressly admitted, Defendant denies the allegations in Paragraph 24.

25.     Defendant denies the allegations in Paragraph 25.

26.     Defendant denies the allegations in Paragraph 26.

27.     Defendant admits that, pursuant to the relentless demands of Plaintiff, she changed her blog name to "HIIT Mamas."  Except as expressly admitted, Defendant denies the allegations in Paragraph 27.

KRONENBERGER ROSENFELD

150 Post Street, Suite 520, San Francisco, CA 94108



28.   Defendant denies the allegations in Paragraph 28.

29.   Defendant denies the allegations in Paragraph 29.

30.   Defendant denies the allegations in Paragraph 30.

31.   Defendant denies the allegations in Paragraph 31.

32.   Defendant denies the allegations in Paragraph 32.

33.   Defendant denies the allegations in Paragraph 33.

34.   Defendant denies the allegations in Paragraph 34.

35.   Defendant denies the allegations in Paragraph 35.

36.   Defendant denies the allegations in Paragraph 36.

37.   Defendant denies the allegations in Paragraph 37.

38.   Defendant denies the allegations in Paragraph 38.

39.   Defendant denies the allegations in Paragraph 39.

40.   Defendant denies the allegations in Paragraph 40.

**FIRST CLAIM**
**Trademark Infringement (15 U.S.C. § 1114)**
**(Against All Defendants)**

41.   Defendant incorporates the preceding admissions and denials as though fully set forth herein.

42.   The allegations in Paragraph 42 are prefatory, contain legal verbiage, and call for a conclusion of law to which no response is required.  To the extent that a response is required, Defendant denies the allegations in Paragraph 42.

43.   Defendant denies the allegations in Paragraph 43.

44.   Defendant denies the allegations in Paragraph 44.

45.   Defendant denies the allegations in Paragraph 45.

46.   Defendant denies the allegations in Paragraph 46.

47.   Defendant denies the allegations in Paragraph 47.

48.   Defendant denies the allegations in Paragraph 48.

49.   Defendant denies the allegations in Paragraph 49.

**SECOND CLAIM**
**False Designation of Origin (15 U.S.C. § 1125(a))**
**(Against All Defendants)**

50.     Defendant incorporates the preceding admissions and denials as though fully set forth herein.

51.     Defendant denies the allegations in Paragraph 51.

52.     Defendant denies the allegations in Paragraph 52.

53.     Defendant denies the allegations in Paragraph 53.

54.     Defendant denies the allegations in Paragraph 54.

**THIRD CLAIM**
**Trademark Dilution (15 U.S.C. § 1125(c))**
**(Against All Defendants)**

55.     Defendant incorporates the preceding admissions and denials as though fully set forth herein.

56.     The allegations in Paragraph 56 are prefatory, contain legal verbiage, and call for a conclusion of law to which no response is required.  To the extent that a response is required, Defendant denies the allegations in Paragraph 56.

57.     Defendant denies the allegations in Paragraph 57.

58.     Defendant denies the allegations in Paragraph 58.

59.     Defendant denies the allegations in Paragraph 59.

60.     Defendant denies the allegations in Paragraph 60.

61.     Defendant denies the allegations in Paragraph 61.

62.     Defendant denies the allegations in Paragraph 62.

63.     Defendant denies the allegations in Paragraph 63.

**FOURTH CLAIM**
**Cyberpiracy**
**(Against All Defendants)**

64.     Defendant incorporates the preceding admissions and denials as though fully set forth herein.

65. The allegations in Paragraph 65 are prefatory, contain legal verbiage, and call for a conclusion of law to which no response is required. To the extent that a response is required, Defendant denies the allegations in Paragraph 65.

66. Defendant admits that she has registered the domain names <crossfitmamas.com>, <cfmamas.com>, and <califitmamas.com>. Except as expressly admitted, Defendant denies the allegations in Paragraph 66.

67. Defendant denies the allegations in Paragraph 67.

68. Defendant denies the allegations in Paragraph 68.

69. Defendant denies the allegations in Paragraph 69.

70. Defendant denies the allegations in Paragraph 70.

71. Defendant denies the allegations in Paragraph 71.

72. Defendant denies the allegations in Paragraph 72.

73. Defendant denies the allegations in Paragraph 73.

## AFFIRMATIVE DEFENSES

Defendant sets forth below her affirmative defenses. Each defense is asserted as to all causes of action unless otherwise noted. By setting forth these affirmative defenses, Defendant does not assume the burden of proving any fact, issue, or element of a cause of action where such burden properly belongs to Plaintiff. Moreover, nothing stated herein is intended or shall be construed as an acknowledgement that any particular issue or subject matter is relevant to Plaintiff' allegations.

## FIRST AFFIRMATIVE DEFENSE

### (Failure to State Cause of Action)

As Defendant's First Affirmative Defense, Defendant asserts that Plaintiff has failed to state a cause of action against Defendant upon which relief may be granted. Plaintiff has failed to plead the prima facie elements of its asserted causes of action.

//

//

## SECOND AFFIRMATIVE DEFENSE

### (Failure to Mitigate)

As Defendant's Second Affirmative Defense, Defendant asserts that Plaintiff's claims are barred, in whole or in part, because Plaintiff failed to use ordinary care and diligence to take all necessary steps to mitigate and minimize any damages Plaintiff claims to have sustained and for which it seeks recovery in this action.

## THIRD AFFIRMATIVE DEFENSE

### (Contribution)

As Defendant's Third Affirmative Defense, Defendant asserts that the acts and omissions alleged in the Complaint, as well as the damages and harms alleged therein, which are expressly denied, were caused and/or contributed to by the acts and omissions of third parties over which Defendant had no control or any duty to control.

## FOURTH AFFIRMATIVE DEFENSE

### (Setoff and/or Counterclaim)

As Defendant's Fourth Affirmative Defense, Defendant asserts that the damages and harms alleged in the Complaint, which are expressly denied, are barred in whole or in part by the principles of setoff and/or counterclaim.

## FIFTH AFFIRMATIVE DEFENSE

### (Unclean Hands)

As Defendant's Fifth Affirmative Defense, Defendant asserts that Plaintiff's claims are barred in whole or in part by the doctrine of unclean hands due to Plaintiff's fraudulent, unethical and/or illegal conduct with relation to the subject of this action.

## SIXTH AFFIRMATIVE DEFENSE

### (Acquiescence)

As Defendant's Sixth Affirmative Defense, Defendant asserts that Plaintiff's claims are barred in whole or in part by Plaintiff's affirmative conduct, which amounted to an assurance to Defendant that Plaintiff would not pursue the claims alleged.

//

## SEVENTH AFFIRMATIVE DEFENSE

### (Waiver and Estoppel)

As Defendant's Seventh Affirmative Defense, Defendant asserts that Plaintiff waived any claim or cause of action against Defendant for the acts alleged in the Complaint, and Plaintiff should be estopped from bringing this lawsuit.

## EIGHTH AFFIRMATIVE DEFENSE

### (Laches)

As Defendant's Eighth Affirmative Defense, Defendant asserts that Plaintiff's claims are barred, in whole or in part, by the doctrine of laches. Plaintiff knew, or should have known, of the acts of which it now complains well before the initiation of this lawsuit. Despite this knowledge, Plaintiff engaged in an unreasonable delay in taking any legal action.

## NINTH AFFIRMATIVE DEFENSE

### (Invalidity of Trademark or Trade Name)

As Defendant's Ninth Affirmative Defense, Defendant asserts that Plaintiff's claims are barred, in whole or in part, because the trademarks and/or trade names alleged in the Complaint are invalid, unenforceable, void, or voidable for failure to comply with one or more of the provisions of the Lanham Act, 15 U.S.C., § 1051 et seq.

## TENTH AFFIRMATIVE DEFENSE

### (No Likelihood of Confusion)

As Defendant's Tenth Affirmative Defense, Defendant asserts that, to the extent the alleged trademarks exist and belong to Plaintiff, which Defendant expressly denies, any use thereof by Defendant was not likely to cause confusion, mistake, or to deceive. Defendant is not using any claimed trademark and/or trade name of Plaintiff in commerce in connection with the sale, offering for sale, distribution or advertising of any goods on or in connection with which such use is likely to cause confusion or mistake or likely to deceive.

//

**DEFENDANT J. ALVIES' ANSWER AND COUNTERCLAIM**

## **ELEVENTH AFFIRMATIVE DEFENSE**

## **(Fair Use)**

As Defendant's Eleventh Affirmative Defense, Defendant asserts that, to the extent that Defendant engaged in any conduct that could be construed as infringement on Plaintiff' trademarks or trade names, Defendant's actions constituted a fair use.

## **TWELFTH AFFIRMATIVE DEFENSE**

## **(Consent/Licensee)**

As Defendant's Twelfth Affirmative Defense, Defendant asserts that, to the extent that Defendant engaged in any conduct that could be construed as infringement on Plaintiff' trademarks or trade names, Defendant did so with the consent of Plaintiff.

## **ADDITIONAL AFFIRMATIVE DEFENSES**

Defendant hereby give notice that they intend to rely on any additional affirmative defenses that become available or apparent during discovery and thus reserve the right to amend her answer to assert such additional affirmative defenses.

## **PRAYER FOR RELIEF**

WHEREFORE, having fully answered Plaintiff's Complaint, Defendant prays that judgment be rendered in her favor and that Plaintiff take nothing on its claims, that Plaintiff's claims, and each of them, be dismissed in their entirety with prejudice, and that costs and attorneys' fees be awarded to Defendant.


## **COUNTERCLAIM**

Counterclaimant Jenni Alvies ("Alvies"), by and through her undersigned attorneys, alleges as follows:

## **INTRODUCTION**

1.     In this, the Information Age, the term "cyberbullying" has been coined to refer to the use of electronic media to publically intimidate or threaten others.  While many may associate cyberbullies with teenagers who have taken their schoolyard taunts to Twitter and Facebook, the corporate sphere contains its own cyberbullies.

**DEFENDANT J. ALVIES' ANSWER AND COUNTERCLAIM**

2. Counter-Defendant CrossFit, Inc. ("CrossFit") is a corporate cyberbully. CrossFit routinely uses electronic media, its in-house legal team, and paid legal counsel to harass, intimidate and annoy comparably helpless fitness bloggers and others by threatening (and taking) legal action against said bloggers unless they submit entirely to CrossFit's unreasonable demands to take down their blogs, enter into draconian settlement agreements or stipulated judgments, and otherwise forfeit their rights.

3. CrossFit's filing of its complaint for various Lanham Act claims against Alvies is just the latest in a series of aggressive, abusive, and unlawful attempts by CrossFit to bully a fitness blogger and eliminate its competition.

4. Although CrossFit asserts its Complaint is filed in support of its existing trademark rights, the truth is that CrossFit is seeking to eliminate potential problems for trademark applications it hopes to get approved in the future. Such conduct constitutes, among other things, a violation of the Lanham Act, an unlawful and deceptive business practice, and an abuse of process.

5. CrossFit also routinely abuses and violates the Copyright Act by sending so-called "takedown notices" pursuant to the Digital Millennium Copyright Act that are not based on any copyright rights, but rather an assertion of trademark rights.

6. Since January 2013, and as of the date of this Cross-Complaint, CrossFit has filed over 20 federal lawsuits that are nearly identical to the claims asserted against Alvies—a number that increases on a near-weekly basis.

7. There is a fine line between aggressively defending one's intellectual property rights and unlawful attempts to enforce "rights" one does not have, thereby infringing on the rights of others. Through the instant action and others, CrossFit has undoubtedly crossed that line.

8. Through this counterclaim, Alvies now seeks relief, including declaratory relief, establishing the boundary between CrossFit's trademark rights and her own.

9. CrossFit has filed a Complaint against Alvies for certain causes of action alleged to have arisen out of CrossFit's trademark rights and other rights as stated in that

pleading.  Alvies has answered the Complaint and denies all liability thereunder.  The Complaint is referred to and incorporated herein only as a restatement of the allegations from which this Counterclaim arises, and not as an admission of the truth or merit of any of the allegations in the Complaint, nor as an admission of any liability thereunder.

### THE PARTIES

10.    Defendant and Counterclaimant Jenni Alvies is an individual residing in Brentwood, California.

11.    At all relevant times, Plaintiff and Counter-Defendant CrossFit, Inc. is and was a corporation formed under the laws of the State of Delaware.  On information and belief, CrossFit maintains its principal place of business in Washington, D.C.  On information and belief, CrossFit has affiliates located throughout the State of California and thereby conducts business throughout California.

12.    The true names of Counter-defendants sued herein under the fictitious names ROES 1 through 10 are unknown to Alvies, and Alvies will seek leave of Court to amend this Counterclaim to allege such names as soon as they are ascertained and/or confirmed.  All references in this Counterclaim to any of the Counter-defendants shall also include all of them, unless otherwise specified.

13.    As alleged herein, at all relevant times, CrossFit and ROES 1 through 10, and each of them, were the agents, servants, and employees of each other, and in doing the things hereinafter alleged, were acting in the scope of their authority as agents, servants, and employees and with the permission, consent, authorization, and ratification of each other.

### JURISDICTION AND VENUE

14.    This Court has subject matter jurisdiction over this Counterclaim under 28 U.S.C. §§1131 and 1338 for Alvies' claims arising under the Declaratory Judgment Act, 28 U.S.C. § 2201 et seq., the Lanham Act, 15 U.S.C. § 1125(a), and the Copyright Act, 17 U.S.C. § 501 et seq.  This Court has supplemental jurisdiction over Alvies' remaining claims under 28 U.S.C. § 1367.

15. Venue is proper under 28 U.S.C. § 1391.

16. This Court has personal jurisdiction over CrossFit because CrossFit has submitted to the Court for purposes of this dispute by filing its Complaint. In addition, CrossFit has done substantial and continuous business with California residents, and CrossFit has purposefully directed substantial and pervasive activities at the residents of California such that CrossFit can and should reasonably expect to be haled into the Courts of California.

## FACTUAL ALLEGATIONS COMMON TO ALL CLAIMS

### Alvies' Blog

17. Alvies is the wife of a fireman and a stay-at-home mother of four children.

18. After the birth of her fourth child, Alvies sought to get in shape, and was introduced to high-intensity interval or cross-fitness training by her husband, who engaged in such workouts at work.

19. Alvies did not initially have the physical stamina or time to complete the high-intensity workouts or access to the gym equipment necessary to perform some of the exercises—such as a rope for climbing. Accordingly, Alvies began writing her own modified workouts to accommodate the strength level, resources, and lifestyle of a busy mom.

20. As often happens in these situations, once Alvies' friends and family noticed a difference in her appearance and fitness level, they asked for her secret. Alvies began texting her personalized daily workout to these friends, and eventually one of them suggested she post them to a blog instead.

21. On this suggestion, Alvies launched her blog ("the Blog") in or around April 2011 at <crossfitmamas.blogspot.com>. Readership for the Blog quickly grew, and through it Alvies has undoubtedly introduced thousands of women to high-intensity interval training. Readers of the Blog use the comments section to post and track their personal progress on certain exercises.

//

DEFENDANT J. ALVIES' ANSWER AND
COUNTERCLAIM

22.     Posting daily routines and other information to the Blog requires substantial time and effort on Alvies' part.  Although she has added Google AdWords advertising and a link to purchase vitamin meal-replacement shakes in an effort to recoup some money in exchange for such efforts, these endeavors have not been very profitable.  Alvies has never viewed the Blog as a business but rather a labor of love, and once the value of her time spent generating content for and managing the Blog is taken into consideration, it is clear she is operating it at a substantial loss.

## CrossFits' Trademarks (and Lack Thereof)

23.     CrossFit is the registered owner of the trademark CROSSFIT, U.S. Patent and Trademark Office ("USPTO") Registration No. 3007458, for International Class 041, "Fitness Training."

24.     CrossFit has also filed several trademark applications for other uses of CROSSFIT.  Such applications have been filed, and as of the date of this Counterclaim are still filed, on an "intent-to-use" basis, meaning that CrossFit admits that it has not yet used the mark in commerce, and that the USPTO has not yet reviewed or granted the application (collectively, the "Intent-to-Use Applications").  Examples of the Intent-to-Use Applications include those for energy bars and meal replacement drinks (USPTO Ser. No. 85792895), weight loss equipment (USPTO Ser. No. 85936449), magazines and books (USPTO Ser. No. 85792892), sports bags (USPTO Ser. No. 85629318), and computer software to track workouts (USPTO Ser. No. 77719836).

25.     CrossFit does <u>not</u> own a registered trademark, and has <u>not</u> filed a trademark application for any of the following marks referenced in the Complaint:

a.  CF

b.  CF Mamas or CFMamas

c.  Califit Mamas or CalifitMamas.

//

//

//

KRONENBERGER | ROSENFELD

150 Post Street, Suite 520, San Francisco, CA 94108

**CrossFit's Unlawful and Abusive Efforts to Eliminate Existing Uses in Commerce of Certain Marks in an Effort to Improve CrossFit's Ability to Successfully Register the Marks That Are the Subject of the Intent-to-Use Applications**

26.     Several of the Intent-to-Use Applications were filed as late as December 2012.

27.     Beginning a few weeks later, in January 2013, CrossFit, with the assistance of ROES 1 through 10, began filing federal lawsuits alleging infringement of CrossFit's trademarks, akin to the allegations in the Complaint.   On information and belief, CrossFit's purpose in filing these lawsuits, at least in part, is not to protect its existing marks, but to eliminate potentially competing or confusing uses of the marks at issue in the Intent-to-Use Applications.   In other words, under the pretense of invoking the Lanham Act, CrossFit seeks to eliminate competition in markets it has not even entered yet.

28.     According to PACER, CrossFit, with the assistance of ROES 1 through 10, has filed over 20 federal lawsuits since January 1, 2013.  By comparison, CrossFit filed only 3 federal lawsuits in 2012.

29.     On information and belief, in addition to filing the aforementioned lawsuits, CrossFit, with the assistance of ROES 1 through 10, has issued hundreds of cease-and-desist letters to Internet bloggers, website owners, and others demanding that they delete or otherwise disable their blogs and websites or face costly legal action.

30.     On information and belief, in addition to filing the aforementioned lawsuits and issuing the aforementioned cease-and-desist letters, CrossFit, with the assistance of ROES 1 through 10, has secured the removal of blogs, websites, Facebook pages, and other media by issuing so-called "takedown notices" to the hosts of said media, purportedly pursuant to the Digital Millennium Copyright Act ("DMCA"), 17 U.S.C. § 512.

31.     In order to qualify for "safe harbor" under the DMCA, Internet hosts must remove content that infringes the issuer's copyright upon receipt of a DMCA takedown notice.  The DMCA does not address trademark infringement.

32.     On information and belief, CrossFit's DMCA takedown notices have been

**DEFENDANT J. ALVIES' ANSWER AND COUNTERCLAIM**

Kronenberger | Rosenfeld

150 Post Street, Suite 520, San Francisco, CA 94108

improper in that they have been based on alleged trademark infringement, rather than copyright infringement.

33.     On information and belief, CrossFit, ROES 1 through 10, and each of them, are legally sophisticated parties who know that the demands they have made in the lawsuits, the cease-and-desist letters, and the DMCA takedown notices exceed the bounds of the Lanham Act, the DMCA, and CrossFit's rights in general.

34.     By contrast, on information and belief, the defendants to the lawsuits and other persons and entities affected by the lawsuits, the cease-and-desist letters, and the DMCA takedown notices are unsophisticated parties without sufficient legal background (or financial ability to retain qualified legal representation) to know that CrossFit's demands are excessive, abusive, and unsupported by the law.

35.     On information and belief, CrossFit, ROES 1 through 10, and each of them, have exploited the foregoing imbalance of sophistication and legal background to convince the unsophisticated parties to voluntarily delete their websites and blogs, and to enter into draconian settlement agreements and/or stipulated judgments, all of which serve to pave the way for CrossFit's future market domination for the goods and services contemplated in the Intent-to-Use Applications.

### CrossFit's Harrassment of Alvies

36.     On May 9, 2013—over two years after the Blog was started—Alvies was contacted by Esther Dohl ("Dohl")[1], who identified herself as an in-house paralegal for CrossFit.

37.     On information and belief, at all times relevant, Dohl was acting as an agent, representative, and/or employee of CrossFit, and was acting within the scope of such agency and/or employment.

38.     Dohl demanded that Alvies immediately stop using the CrossFit name on the Blog and her affiliated Facebook page. This demand took Alvies by surprise as she had been operating the Blog for several years without any such demand by CrossFit, and

---

[1] If warranted by initial discovery, Alvies will amend this Counterclaim to name Dohl as a ROE defendant.

Case No. 4:13-cv-03771-KAW                    **DEFENDANT J. ALVIES' ANSWER AND COUNTERCLAIM**

she did not believe the Blog to be infringing in any respect.  Regardless, Alvies attempted to work with Dohl to satisfy CrossFit's demands, only to be continually berated by Dohl.

39.     Alvies worked with Dohl to reach an agreement that Alvies would move the Blog to the domains <califitmamas.com> and <califitmamas.blogspot.com>.

40.     The overall tenor of Dohl's communications with Alvies can be summarized as unprofessional at best and bullying at worst.  For example, when Alvies notified Dohl that a domain they had previously agreed upon as appropriate for the Blog, <califitmamas.blogspot.com>, had become unavailable, Dohl responded, by email:

> *You are obviously trying VERY VERY VERY hard to piggy back on the CrossFit name.  Please stop.  I'm glad someone stole http://califitmamas.blogspot.com/ because now you have an experience of what it is for someone to steal your name.  Get your own ideas and name or legally become part of the CrossFit community.  Until then, you are trademark leech.*

41.     Dohl also attempted to exploit Alvies' unfamiliarity with trademark law by grossly exaggerating CrossFit's rights.  For example, Dohl has made the ridiculous assertion that CrossFit owns the rights to the initials "CF":

> *Yes CF can stand for anything.  But in the context of trademark infringement, trademark law takes into consideration likelihood of confusion of one brand with another.  CROSSFIT is a registered trademark in the class of health and fitness services (Class 41).  A common abbreviation for CrossFit and reference to CrossFit is "CF."  A federal judge will not allow that you direct all your "CrossFit Mamas" clientele to a new website blog labeled "CFMamas."  Calling you [sic] blog CFMamas will be actionable.  In other words, we will sue you.*

42.     Dohl has also communicated with several third parties regarding Alvies and has made false statements therein about her communications with Alvies, claiming they took place with a frequency they did not, or that Alvies flatly "refused" to meet certain demands.  In these third-party communications, Dohl further states that Alvies' workouts were analyzed by an expert and found to be unprofessional, stupid, and unsafe.  For example, Dohl sent the following in an email to a third party reader of the Blog:

> *[Alvies] doesn't have the knowledge of programming.  I have about 7 years of CrossFit experience, and 4 years of CrossFit Training experience.*

KRONENBERGER | ROSENFELD

150 Post Street, Suite 520, San Francisco, CA  94108

KRONENBERGER ROSENFELD

150 Post Street, Suite 520, San Francisco, CA 94108

*I quickly scanned her blog and assessed a few days of her workouts and thought "that is bad programming." And I sent links to her blog to other, more experienced trainers to see what they thought of the workouts. I received this response from someone with over ten years of CrossFit training/programming experience:*

*"I will look further today but first thing I see is 5/31 60 deads and 60 snatches three days later 50 swings followed by more deads the next day. Without even looking at the workout structure that looks stupid and unsafe. A great deal of explosively opening of the hips with a tired lower back."*[2]

43. Alvies' workouts are not bad or unsafe.

44. As admitted in Paragraph 24 of the Complaint, CrossFit has also sent legal demands to third parties, including Facebook, for removal of the Blog and Alvies' Facebook Page.

45. On information and belief, CrossFit, with the assistance of ROES 1 through 10, sent a DMCA takedown notice to Facebook, which resulted in suspension of Alvies' Facebook page. On information and belief, the DMCA takedown notice improperly asserted for the protection of trademark rights.

46. Through substantial effort by Alvies, and based on her agreement with CrossFit, as reached through Dohl, Alvies moved the entire Blog to <califitmamas.com.>

47. Despite the fact that Alvies complied with CrossFit's demands, CrossFit continued its harassment of Alvies, repeatedly demanding that she disable her Google AdWords and stop selling the vitamin meal-replacement shakes.

48. Eventually, CrossFit, through its legal counsel,[3] informed Alvies that it disagreed with Dohl's representation that <califitmamas.com> was an acceptable domain for the Blog. Accordingly, after additional harassment, Alvies moved the Blog a second time to <hiitmamas.blogspot.com>.

---

[2] If warranted by initial discovery, Alvies will amend this Counterclaim to name the author of this statement as a ROE defendant.

[3] CrossFit's legal counsel has participated in and directed other harassment of Alvies, including the purchase of a tank top under false and deceptive pretenses (see Complaint ¶ 19). If warranted by initial discovery, Alvies will amend this Counterclaim to name CrossFit's counsel, and other participants in the tank top purchase, as ROE defendants.

**DEFENDANT J. ALVIES' ANSWER AND COUNTERCLAIM**

49.     Even after this second move, CrossFit, through its legal counsel, continued to harass Alvies, repeatedly demanding that she, among other things, (a) delete nearly two and a half years of posts on the Blog (including the reader workout records maintained in the comments) and "start over," and (2) stop selling the vitamin meal-replacement shakes.

50.     On information and belief, CrossFit's incessant demands that Alvies delete the Blog in its entirety and stop selling the vitamin meal-replacement shakes is an improper effort to eradicate all Internet evidence of Alvies' prior use in commerce of marks subject to the Intent-to-Use Applications regarding meal-replacement shakes, computer software to track workouts, and others.

## FIRST CAUSE OF ACTION

### (Declaratory Judgment Against CrossFit)

51.     Alvies restates and incorporates the allegations set forth above in Paragraphs 1 through 49 as though fully rewritten herein.

52.     Alvies asserts this first cause of action for declaratory judgment of issues arising out of federal trademark and copyright law.

53.     A present and actual controversy exists between the parties regarding the intellectual property rights of CrossFit.

54.     Alvies now seeks a declaratory judgment from this Court that CrossFit does not have a registered or common-law trademark in any of the following marks or permutations thereof:

a.  CF

b.  CF Mamas or CFMamas

c.  Califit Mamas or CalifitMamas.

55.     Alvies now seeks a declaratory judgment from this Court that the following marks, or permutations thereof, do not create a likelihood of consumer confusion with CrossFit's rights in CROSSFIT:

a.  CF

KRONENBERGER ROSENFELD

150 Post Street, Suite 520, San Francisco, CA 94108



KRONENBERGER | ROSENFELD

150 Post Street, Suite 520, San Francisco, CA  94108

b. CF Mamas or CFMamas

c. Califit Mamas or CalifitMamas.

56.     Alvies now seeks a declaratory judgment from this Court that CrossFit is estopped from asserting trademark infringement claims against Alvies regarding her use of the following marks, or permutations thereof, because CrossFit initially agreed that Alvies could use such marks:

a. Califit Mamas or CalifitMamas.

57.     Alvies now seeks a declaratory judgment from this Court that CrossFit, and ROES 1 through 10, improperly issued DMCA takedown notices, which affected Alvies, based on an assertion of trademark rights.

58.     Alvies now seeks a declaratory judgment from this Court that CrossFit, and ROES 1 through 10, violated 17 U.S.C. § 512(f) by knowingly and materially misrepresenting in the DMCA takedown notices concerning Alvies that material or activity was infringing of any copyright, or by otherwise knowingly and materially abusing the DMCA takedown process, and as such, that CrossFit, and ROES 1 through 10, are liable for Alvies' damages, including costs and attorneys' fees.

## SECOND CAUSE OF ACTION

### (Violation of the Unfair Competition Law, Cal. Bus. & Prof. Code § 17200, Against All Counter-Defendants)

59.     Alvies incorporates the allegations set forth above in Paragraphs 1 through 49 as though fully rewritten herein.

60.     Alvies asserts this Sectond Cause of Action for violation of California's Unfair Competition Law.

61.     CrossFit, ROES 1 through 10, and each of them have engaged in a pattern of harassing conduct directed at Alvies wherein they have sought to cause the Blog and Alvies' Facebook page to be permanently deleted, and for Alvies to stop selling vitamin meal-replacement shakes in an improper effort to eradicate all Internet evidence of Alvies' prior use in commerce of marks subject to the Intent-to-Use Applications

**DEFENDANT J. ALVIES' ANSWER AND COUNTERCLAIM**

KRONENBERGER | ROSENFELD

150 Post Street, Suite 520, San Francisco, CA 94108

1  regarding meal-replacement shakes, computer software to track workouts, and others,

2  and to eliminate competition by Alvies.

3      62.    Counter-defendants' above-described misconduct is a fraudulent business

4  practice as that term is used in Business and Professions Code section 17200 because a

5  reasonable person would have been deceived by the representations and material

6  omissions by Counter-defendants concerning CrossFit's intellectual property rights.  For

7  example, Alvies is informed and believes that Facebook was deceived by the

8  representations and omissions by Counter-defendants in CrossFit's DMCA takedown

9  notice concerning Alvies' Facebook page and, in reliance thereon, disabled Alvies'

10  Facebook page.  As another example, Counter-defendants are engaged in an ongoing

11  fraud on the Trademark Office by attempting to eradicate evidence of existing uses of the

12  marks subject to the Intent-to-Use Applications.

13      63.    Counter-defendants' above-described misconduct is an unfair business

14  practice, as that term is used in Business and Professions Code section 17200, because

15  Counter-defendants' conduct offends established public policies, including policies

16  arising out of state and federal antitrust laws, and is immoral, unethical, oppressive,

17  unscrupulous and substantially injurious to the victims of Counter-defendants' conduct.

18      64.    Counter-defendants' above-described misconduct is an unlawful business

19  practice, as that term is used in Business and Professions Code section 17200, because

20  Counter-defendants' conduct violates 17 U.S.C. § 512(f), the Lanham Act, the Trademark

21  Act, and state and federal antitrust laws.

22      65.    By carrying out the above-described misconduct, Counter-defendants

23  engaged in unlawful, unfair, and fraudulent business practices in violation of California

24  Business and Professions Code section 17200.

25      66.    As a result of Counter-defendants' misconduct, Alvies has been harmed.

26  //

27  //

28

**DEFENDANT J. ALVIES' ANSWER AND
COUNTERCLAIM**

# THIRD CAUSE OF ACTION

## (False Advertising Under the Lanham Act, 15 U.S.C. § 1125,

## Against All Counter-Defendants)

67.     Alvies asserts this Third Cause of Action for false advertising <u>in the alternative</u> to her affirmative defenses asserted in her Answer to the Complaint.

68.     In its Complaint, CrossFit alleges that Alvies and CrossFit are engaged in businesses so similar that the use of similar marks by each is likely to cause consumer confusion, deception, and mistake as to the affiliation, connection, or association of Alvies or the Blog with CrossFit, and as to whether the goods and services offered on the Blog originate from, or are sponsored or approved by, Alvies.  In other words, CrossFit alleges that Alvies and CrossFit are business competitors.

69.     CrossFit has made false and misleading representations of fact to consumers—namely, readers of the Blog—regarding Alvies' goods and services in violation of 15 U.S.C. § 1125(a).   For example, CrossFit, through its agents, representatives, and employees, has falsely stated to readers of the Blog, under the guise of expert authority, that Alvies' workouts are "bad," "stupid," or "unsafe."

70.     CrossFit's acts have caused and, unless enjoined by this Court, will continue to cause a likelihood of confusion and deception among consumers and irreparably injure Alvies' goodwill and reputation, for which Alvies has no adequate remedy at law.

71.     CrossFit's conduct demonstrates an intentional, willful, and malicious intent to trade on the goodwill associated with Alvies, to the great and irreparable harm of Alvies.

//
//
//
//
//

KRONENBERGER | ROSENFELD

150 Post Street, Suite 520, San Francisco, CA  94108

# PRAYER FOR RELIEF

WHEREFORE, Counterclaimant prays for judgment against Counter-Defendants as follows:

1.      For the declaratory relief sought by Counterclaimant in her First Cause of Action;

2.      That the Court enter a judgment finding that Counter-Defendants have violated California Business and Professions Code section 17200;

3.      In the alternative to the affirmative defenses asserted by Alvies in her answer to the Complaint, that the Court enter a judgment finding that Counter-Defendants have engaged in False Advertising in violation of 15 U.S.C. § 1125(a);

4.      That the Court award Alvies her costs in this action, including reasonable attorneys' fees and expenses, pursuant to 17 U.S.C. § 512(f) and 15 U.S.C. § 1117(a); and

5.      That the Court order such other relief as it determines is just and proper.

Respectfully submitted,

DATED:  September 16, 2013

**KRONENBERGER ROSENFELD, LLP**

Virginia Sanderson

Attorneys for Defendant Jenni Alvies

**DEFENDANT J. ALVIES' ANSWER AND COUNTERCLAIM**

**JURY DEMAND**

Pursuant to Federal Rule of Civil Procedure 38, Defendant respectfully demands that this action be tried to a jury of the maximum number allowable by law, on all issues so triable.

Respectfully submitted,

DATED:  September 16, 2013

**KRONENBERGER ROSENFELD, LLP**

Virginia Sanderson

Attorneys for Defendant Jenni Alvies

KRONENBERGER ROSENFELD

150 Post Street, Suite 520, San Francisco, CA  94108