IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| CROSSFIT, INC., | ) Case No. 13-3771 SC |
| | ) |
| Plaintiff, | ) ORDER GRANTING IN PART AND |
| | ) DENYING IN PART MOTION TO |
| v. | ) DISMISS AMENDED COUNTERCLAIMS |
| | ) |
| JENNI ALVIES, and DOES 1-10, | ) |
| | ) |
| Defendants. | ) |
| | ) |
| | ) |
| AND RELATED COUNTERCLAIMS | ) |
| | ) |
| | ) |

I.   **INTRODUCTION**

Plaintiff CrossFit, Inc. ("CrossFit") brings this action against Defendant Jenni Alvies ("Alvies") for trademark infringement, among other things.  ECF No. 1 ("Compl.").  Alvies has counterclaimed for (1) declaratory judgment; (2) violation of California's Unfair Competition Law ("UCL"), Cal. Bus. & Prof. Code. § 17200, et seq.; and (3) false advertising under the Lanham Act, 15 U.S.C. § 1125.  ECF No. 16 (First Amended Counterclaims ("FACC")).  CrossFit now moves to dismiss Alvies's counterclaims pursuant to Federal Rule of Civil Procedure 12(b)(6).  ECF No. 24 ("MTD").  The motion is fully briefed, ECF Nos. 26 ("Opp'n"), 30

**United States District Court**
For the Northern District of California

("Reply"), and appropriate for determination without oral argument per Civil Local Rule 7-1(b).  For the reasons set forth below, the motion is GRANTED in part and DENIED in part.

## II.  BACKGROUND

As it must on a Rule 12(b)(6) motion to dismiss, the Court treats all well-pleaded allegations in the FACC as true.[1]  CrossFit has developed a fitness training regimen and provides a nationally standardized certificate program to personal trainers who desire to become licensed CrossFit affiliates.  Compl. ¶¶ 9, 11.  CrossFit owns several registered United States trademarks and service marks comprised of the word mark CROSSFIT, including a service mark for use in connection with fitness training services.  Compl. ¶ 10, FACC ¶ 23.  CrossFit has also filed trademark applications with the United States Patent and Trademark Office ("PTO") for other uses of the CROSSFIT mark on an "intent-to-use" basis, meaning that CrossFit has yet to use the mark in commerce in connection with those uses.  FACC ¶ 24.  The applications relate to nutritional energy bars, computer software that tracks workouts, weight-loss equipment, magazines, books, and sports bags.  Id. ¶¶ 25-28.

In April 2011, Alvies, a stay-at-home mother of four children, launched a blog at "crossfitmamas.blogspot.com."  FACC ¶ 21.  Around the same time, Alvies created a "CrossFit Mamas" Facebook page.  Id. ¶ 48, Compl. ¶ 13.  Alvies used the blog to post daily high-intensity interval training routines.  Id. ¶¶ 20-21.  Readers

---

[1] For background, the Court also refers to a number of allegations from CrossFit's complaint.  However, for the purposes of adjudicating the instant motion, the Court only considers Alvies's allegations.

**United States District Court**
For the Northern District of California

of the blog use the comments section to post and track their
personal progress on certain exercises.  Id. ¶ 21.  In an effort to
recoup some money for her efforts, Alvies sold vitamin meal-
replacement shakes through the blog and added Google AdWords
advertising.  Id. ¶ 22.

On May 9, 2013, a paralegal from CrossFit contacted Alvies and
demanded that Alvies stop using the CrossFit name on her blog and
affiliated Facebook page.  Id. ¶ 48.  CrossFit's paralegal also
began communicating with at least one reader of Alvies's blog about
the quality of Alvies's workouts.  Id. ¶ 52.  The paralegal stated
that she had "assessed a few days of [Alvies's] workouts" and
determined it was "bad programming."  Id.  The paralegal also
represented that a CrossFit trainer determined that Alvies's
workouts were "stupid and unsafe."  Id.

CrossFit also requested that third parties remove Alvies's
Blog and sent a takedown notice to Facebook pursuant to the Digital
Millennium Copyright Act ("DMCA").  Id. ¶ 55.  Alvies allegedly
reached an agreement with CrossFit's paralegal whereby she would
move her blog to the domains "califitmamas.com" and
"califitmamas.blogspot.com."  Id. ¶ 49.  The paralegal allegedly
asserted that Alvies could not use the term "CFMamas" because "CF"
is a common abbreviation of CrossFit.  See id. ¶ 51.

Thereafter, CrossFit continued to demand that Alvies disable
her Google AdWords and cease selling the vitamin shakes.  CrossFit
also allegedly reneged on the deal struck by its paralegal,
demanding that Alvies cease using the domain "califitmamas.com."
Alvies subsequently moved her blog to "hiitmamas.blogspot.com."
After the second move, CrossFit repeatedly demanded that Alvies

delete over two years of blog posts.  Alvies alleges that CrossFit's demands constitute "an improper effort to eradicate all Internet evidence of Alvies's prior use in commerce of marks subject to the Intent-to-Use Applications regarding nutritional shakes, computer software to track workouts, and others."  Id. ¶ 64.

In August 2013, CrossFit filed the instant action against Alvies in federal court, asserting causes of action for trademark infringement, false designation of origin, trademark dilution, and cyberpiracy.  Alvies counterclaims for (1) declaratory judgment, (2) violation of the UCL, and (3) false advertising under the Lanham Act.  CrossFit now moves to dismiss all three counterclaims.

## III.  LEGAL STANDARD

A motion to dismiss under Federal Rule of Civil Procedure 12(b)(6) "tests the legal sufficiency of a claim."  Navarro v. Block, 250 F.3d 729, 732 (9th Cir. 2001).  "Dismissal can be based on the lack of a cognizable legal theory or the absence of sufficient facts alleged under a cognizable legal theory."  Balistreri v. Pacifica Police Dep't, 901 F.2d 696, 699 (9th Cir. 1988).  "When there are well-pleaded factual allegations, a court should assume their veracity and then determine whether they plausibly give rise to an entitlement to relief."  Ashcroft v. Iqbal, 556 U.S. 662, 679 (2009).  However, "the tenet that a court must accept as true all of the allegations contained in a complaint is inapplicable to legal conclusions.  Threadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice."  Id. (citing Bell Atl. Corp. v.

1    <u>Twombly</u>, 550 U.S. 544, 555 (2007)).

2

3    IV.   **DISCUSSION**

4         A.   **Declaratory Relief**

5         Alvies seeks declaratory judgment on a number of grounds.

6    CrossFit moves to dismiss with respect to only one aspect of

7    Alvies's counterclaim.  Specifically, CrossFit targets Alvies's

8    claim that CrossFit violated 17 U.S.C. § 512(f) by making material

9    misrepresentations in the DMCA takedown notice it submitted to

10   Facebook.  MTD at 6-8.  The DMCA targets the circumvention of

11   digital walls guarding copyrighted material, but does not provide

12   remedies for trademark infringement.  <u>See</u> 17 U.S.C. § 502.  Alvies

13   asserts that CrossFit's invocation of the DMCA was improper and

14   misleading since CrossFit's claims are based on the assertion of

15   trademark rights, not copyrights.  FACC ¶ 72.  Under the DMCA,

16   specifically 17 U.S.C. 512(f), any person who knowingly materially

17   misrepresents that material infringes on a copyright shall be

18   liable for damages incurred by the alleged infringer.

19        CrossFit argues that Alvies's claim is implausible because

20   Facebook allows trademark takedown notices as well as DMCA

21   copyright takedown notices.  MTD at 7.  This argument lacks merit.

22   As an initial matter, it is unclear why the Court should take

23   judicial notice of Facebook's internal compliance procedures.  This

24   is simply not a fact that "is generally known within the trial

25   court's jurisdiction," or that "can be accurately and readily

26   determined from sources whose accuracy cannot reasonably be

27   questioned."  Fed. R. Evid. 201(b)(1), (2).  Even if judicial

28   notice were appropriate, Alvies has plausibly alleged that CrossFit

**United States District Court**
For the Northern District of California

**United States District Court**
For the Northern District of California

1  materially misrepresented that Alvies's Facebook page infringed on

2  a copyright, since CrossFit's claims are based only on its asserted

3  trademark rights.  Whether CrossFit may have been able to convince

4  Facebook to remove Alvies's page on some other ground has no

5  bearing on CrossFit's compliance with the DMCA.

6      CrossFit also contends that Alvies's claim fails because she

7  was not injured by the DMCA takedown notice.  MTD at 7.  CrossFit

8  argues that if it had not submitted a DMCA takedown notice, it

9  could have submitted a trademark takedown notice that would have

10  had the same effect.  Id.  Essentially, CrossFit is asking the

11  Court to find that (1) Alvies's Facebook page infringed on

12  CrossFit's trademarks, and (2) had CrossFit submitted a trademark

13  takedown notice, Facebook would have removed Alvies's page.  This

14  is asking too much.  The Court cannot adjudicate CrossFit's

15  trademark claims on a motion to dismiss Alvies's counterclaim, let

16  alone hypothesize about what Facebook would or would not have done

17  if it had received a trademark takedown notice regarding Alvies's

18  Facebook page.  The Court limits its analysis to the allegations in

19  Alvies's pleading.  Those allegations indicate that Alvies derived

20  at least some income from her blog and that the blog was associated

21  with the Facebook page that CrossFit caused to be removed through

22  an improper DMCA takedown notice.

23      Alvies's counterclaim for declaratory relief remains

24  undisturbed.

25      **B.   UCL**

26      Alvies's UCL claim is premised on the theory that CrossFit has

27  engaged in harassing conduct in an effort to eradicate all evidence

28  of Alvies's prior use of marks that are subject to CrossFit's

United States District Court
For the Northern District of California

intent-to-use applications with the PTO.  FACC ¶ 75.  The UCL
counterclaim targets CrossFit's efforts to delete Alvies's blog and
Facebook page and to stop Alvies from selling vitamin shakes.  Id.
The UCL prohibits any business act or practice that is unlawful,
unfair, or fraudulent.  Cal. Bus. & Prof. Code § 17200.  Alvies
asserts claims under all three prongs.  FACC ¶¶ 76-78.

CrossFit argues that Alvies lacks standing because she has
failed to plead an economic injury.  Mot. at 8-9.  The Court
disagrees.  Alvies alleges that her blog and affiliated Facebook
page generated at least a modicum of revenue through the sale of
vitamin shakes and Google AdWords, and that CrossFit wrongfully
caused those pages to be removed.  Thus, it is plausible that
CrossFit's alleged misconduct resulted in economic injury to
Alvies.

However, a private plaintiff's remedies under the UCL "are
generally limited to injunctive relief and restitution."  Cel-Tech
Commc'ns, Inc. v. Los Angeles Cellular Tel. Co., 20 Cal. 4th 163,
179 (Cal. 1999).  Alvies's prayer for relief is vague with respect
to the UCL.  She merely asks that the Court enter judgment that
CrossFit violated the statute.  FACC p. 17.  There is no indication
that Alvies is seeking injunctive relief.  Moreover, under the UCL,
a plaintiff cannot recover restitution unless that plaintiff had an
"ownership interest in the money or property sought to be
recovered" and the defendant "acquired the plaintiff's money or
property by means of . . . unfair competition."  Shersher v. Super.
Ct., 154 Cal. App. 4th 1491, 1494 (Cal. Ct. App. 2007) (internal
quotations omitted).  Here, it is unclear how CrossFit could have
acquired the lost revenue alleged by Plaintiff.

United States District Court
For the Northern District of California

1   Accordingly, the Court DISMISSES Alvies's UCL claim with leave
2   to amend.

3       C.   **False Advertising under the Lanham Act**

4       The Lanham Act prohibits "false representations in the
5   advertising and sale of goods and services. <u>Jack Russell Terrier</u>
6   <u>Network of N. Ca. v. Am. Kennel Club, Inc.</u>, 407 F.3d 1027, 1036
7   (9th Cir. 2005).  To prevail on a false advertising claim under the
8   Lanham Act, a plaintiff must show, inter alia, "a false statement
9   of fact by the defendant in a commercial advertisement about its
10  own or another's product." <u>Southland Sod Farms v. Stover Seed Co.</u>,
11  108 F.3d 1134, 1139 (9th Cir. 1997).  The injury alleged must be
12  "competitive or harmful to the plaintiff's ability to compete with
13  the defendant." <u>Jack Russell</u>, 407 F.3d at 1027 (quotations
14  omitted).

15      Alvies claims that CrossFit violated the Lanham Act by making
16  false and misleading representations to readers of her blog
17  regarding her workout regimens.  FACC ¶ 83.  Specifically, Alvies
18  targets the CrossFit paralegal's representations to a blog reader
19  that Alvies's workouts are "bad," "stupid," or "unsafe." <u>Id.</u>
20  Alvies further alleges that CrossFit's representations have
21  irreparably injured her goodwill and reputation. <u>Id.</u> ¶ 84.

22      CrossFit argues that Alvies lacks standing to assert a false
23  advertising Lanham Act claim because the parties are not direct
24  competitors.  MTD at 17.  CrossFit reasons that it is "one of the
25  largest fitness training companies in the country," while Alvies is
26  merely a "blogger who . . . sells Google AdWords and . . . vitamin
27  shakes." <u>Id.</u>  The argument lacks merit.  Both parties offer
28  fitness training services. <u>See</u> Compl. ¶ 9; FACC ¶ 18.  Their

United States District Court
For the Northern District of California

1  business models differ, but they offer similar services to

2  consumers.  That Alvies earns revenues through advertisements and

3  vitamin shake sales rather than a nationally standardized

4  certificate program does not mean that she does not compete with

5  CrossFit.  Moreover, nothing in the Lanham Act suggests that

6  differences in size preclude a finding of competition.

7      Next, CrossFit argues that Alvies fails to allege her Lanham

8  Act counterclaim with sufficient particularity.  MTD at 18.  To the

9  extent that CrossFit contends that Alvies's Lanham Act claim fails

10 to meet the pleading requirements of Rule 9(b), its argument lacks

11 merit.  Alvies has pleaded sufficient facts to put CrossFit on

12 notice of the allegedly false statement that forms the basis of her

13 Lanham Act claim.  Alvies's pleading identifies who made the

14 statement, to whom the statement was made, the exact contents of

15 the statement, why the statement is false, and the approximate time

16 of the statement.

17     However, the Court agrees that Alvies has pleaded insufficient

18 facts to establish that the conduct alleged constitutes advertising

19 for the purposes of the Lanham Act.  Under the Act's false

20 advertising provisions, statements are only actionable if they

21 constitute "commercial advertising or promotion," which has been

22 defined as "(1) commercial speech; (2) by a defendant who is in

23 commercial competition with plaintiff; (3) for the purpose of

24 influencing consumers to buy defendant's goods or services."

25 Coastal Abstract Serv., Inc. v. First Am. Title Ins. Co., 173 F.3d

26 725, 735 (9th Cir. 1999) (quoting Gordon & Breach Sci. Publishers

27 v. Am. Inst. of Physics, 859 F. Supp. 1521 (S.D.N.Y. 1994)).

28 "While the representations need not be made in a 'classic

**United States District Court**
For the Northern District of California

1    advertising campaign,' but may consist instead of more informal

2    types of 'promotion,' the representations (4) must be disseminated

3    sufficiently to the relevant purchasing public to constitute

4    'advertising' or 'promotion' within that industry." Id.

5    "Representations that are commercial advertising or promotion under

6    the Lanham Act must be part of an organized campaign to penetrate

7    the market, rather than isolated disparaging statements." eMove

8    Inc. v. SMD Software Inc., CV-10-02052-PHX-JRG, 2012 WL 1379063, at

9    *5 (D. Ariz. Apr. 20, 2012).

10        Alvies's pleading targets a single, isolated email from a

11   CrossFit paralegal to a reader of Alvies's blog.  This hardly

12   constitutes "an organized campaign to penetrate the market." See

13   id.  Without more, the Court cannot conclude that Alvies's Lanham

14   Act counterclaim concerns commercial advertising or promotion.

15   Accordingly, the Lanham Act counterclaim is DISMISSED with leave to

16   amend.  The amended pleading should identify CrossFit's allegedly

17   disparaging statements and explain how they were disseminated to

18   the purchasing public.

19   ///

20   ///

21   ///

22   ///

23   ///

24   ///

25   ///

26   ///

27   ///

28   ///

**United States District Court**
For the Northern District of California

**V.    CONCLUSION**

For the foregoing reasons, CrossFit's motion to dismiss is GRANTED in part and DENIED in part.  Alvies's counterclaim for declaratory relief remains undisturbed.  Her counterclaims for violations of the UCL and the Lanham Act are DISMISSED with leave to amend.  Alvies shall file an amended pleading within thirty (30) days of the signature date of this Order.  Failure to do so may result in dismissal with prejudice of her UCL and Lanham Act counterclaims.

IT IS SO ORDERED.

January 22, 2014

_____
UNITED STATES DISTRICT JUDGE